UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VINITA TYAGI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-00953-SEB-TAB |
| | ) |
| HOOSIER BROADBAND LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Now before the Court is Defendants' Motion for Summary Judgment [Dkt. 75], filed on May 23, 2022, pursuant to Federal Rule of Civil Procedure 56. Plaintiff Vinita Tyagi (now, Singh) ("Vinita") brings this action against her former employer Defendant Hoosier Broadband LLC ("Hoosier Broadband"), her former mother-in-law Defendant Sushma Tyagi ("Sushma"), and her ex-husband Defendant Vichitra Tyagi ("Vichitra"), alleging that Defendants failed to pay her the minimum wage, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, and failed to pay her earned wages due and owing in a timely fashion, in violation of the Indiana Wage Claims Statute, Indiana Code § 22-2-9-1. Defendants deny these allegations.

In her response to Defendants' Motion for Summary Judgment, Plaintiff conceded that Defendant Sushma is entitled to summary judgment as she is not an "employer" under the FLSA or the Indiana Wage Claims Statute. Accordingly, we GRANT Defendants' Motion for Summary Judgment as to all claims brought against Defendant

1

Sushma. However, for the reasons detailed below, Defendants' Motion for Summary Judgment is <u>DENIED</u> as to all claims brought against Defendants Hoosier Broadband and Vichitra Tyagi.

## Factual Background

**Current Operations of Hoosier Broadband**

Defendant Hoosier Broadband provides internet service to businesses and residences in rural areas in central, eastern, west-central, and northern Indiana. Hoosier Broadband is operated out of a home in Zionsville, Indiana, where Vichitra resides with his mother, Sushma, his father, Vigai Tyagi, and his brother, Aditya Tyagi. Sushma owns Hoosier Broadband and Vichitra is the principal operator.

**Vinita and Vichitra Operate Hoosier Broadband**

Between 2007 and July 29, 2016, Vinita operated Hoosier Broadband with her then-husband, Vichitra. Vinita claims that she later returned to work for Hoosier Broadband from December 2016 through early March 2017, but Defendants deny this. According to Vinita, throughout her employment with Hoosier Broadband, she and Vichitra had discussions twice annually to set monthly salaries for themselves. Vinita has testified by declaration that for the work she performed in March and April 2016, her monthly gross salary was set at $15,666.32 for a net of $10,000, which salary was raised to a monthly gross salary of $19,002.47 for a net of $12,000 each month beginning in May 2016 and going forward. Vinita Decl. ¶ 8. Because it was a small, family-run company, if, in a given month, Hoosier Broadband's cash flow would not allow it to pay

full salaries to Vichitra and Vinita, they would pay themselves a reduced salary that month and make up the difference in subsequent months.

Vichitra denies having these meetings with Vinita about their salaries and instead claims that their monthly compensation was solely dependent on Hoosier Broadband's profitability that month; thus, for the first several years, neither received any compensation for their work for the company. As Hoosier Broadband became more profitable, however, they paid themselves a salary each month, the amount of which fluctuated depending on that month's profits.

While employed by Hoosier Broadband, among other duties, Vinita was responsible for arranging payroll with the payroll clerk who worked for the Hoosier Broadband accountant. Each month, Vinita would tell the payroll clerk the amount of net salary to pay herself and Vichitra and the accountant calculated the amount of tax to pay on the net amounts. Vinita's and Vichitra's salaries were direct deposited in their bank accounts each month. According to Vichitra, he and Vinita were paid on a monthly basis for the work that was performed within that month. In other words, the salary they were paid in January was for the work performed in January. Vinita, on the other hand, claims that they were paid for the work performed the month before, meaning that the salary they were paid in January was for the work performed in December.

**Salary Amounts Hoosier Broadband Paid to Vinita**

For the year 2016, bank records establish that Hoosier Broadband paid Vinita the following net salary amounts: (1) January 2016 -- $9,000; (2) February 2016 -- $10,000; (3) March 2016 -- $5,000; (4) April 2016 -- $10,000; (5) May 2016 -- $12,000; (6) June

2016 -- $12,000; (7) July 2016 -- $12,000.  Exh. 1 to Vichitra Decl.  The salary amounts that Hoosier Broadband paid Vichitra during those months also varied.  For instance, in January 2016, Vichitra received $13,000; in March 2016, he received $7,000; and in July 2016, he was paid $14,000.  *Id.*

As noted above, the parties dispute whether Vinita worked for Hoosier Broadband from December 2016 through the beginning of March 2017.  It is undisputed, however, that Hoosier Broadband did not pay Vinita any salary or other wages during that time period.

**Vinita's Termination and Dispute Regarding Her Rehiring**

In late July 2016, Vinita informed Vichitra that she had purchased a home and would be moving out of their shared Zionsville residence where Hoosier Broadband was operated.  Shortly after this announcement, on July 30, 2016, Vichitra notified Vinita that she was being terminated from Hoosier Broadband, effective July 29, 2016.  Following Vinita's termination, Vichitra hired his father and brother to replace her.

After moving out of the Zionsville residence in August 2016, Vinita filed a petition for divorce in October 2016.  Vichitra claims that Vinita was not rehired to work for Hoosier Broadband after July 29, 2016.  Vinita disputes this, claiming that she and Vichitra briefly reconciled from December 2016 through early March 2017, during which period she returned to work for Hoosier Broadband.  Upon Vinita's rehiring, she "perform[ed] the same work that [she] had performed prior to July 29, 2016," except that she was not involved with the payroll because she was addressing "operational challenges" that had arisen in her absence.  Vinita Decl. ¶¶ 12, 14; Vinita Dep. at 28–30.

Vinita testified that she worked "full time" and "pretty much" every day during January and February 2017 and was not paid her salary either of those months. Vinita Decl. ¶ 14; Vinita Decl. 30. She testified that, during those two months, her hours "were different, were not like 9 to 5 or 8 to 4. It was around the clock. So the first call I could be getting at 7:30 in the morning, and the last call I could be getting at midnight." Vinita Dep. at 30. According to Vinita, she was terminated for a second time in March 2017 after she determined that the reconciliation would not be successful and proceeded with the divorce.

**The Instant Litigation**

Vinita filed her complaint in this lawsuit on March 23, 2018, alleging that she was not paid minimum wage in violation of the FLSA and that she was not paid wages she was owed in violation of the Indiana Wage Claims Statute. Specifically, she claims that Hoosier Broadband failed to pay her for any of the work she performed in July 2016, January 2017, and February 2017, despite her working "full time" those months.

Now before the Court is Defendants' Motion for Summary Judgment, which motion is fully briefed and ripe for ruling.

<u>Legal Analysis</u>

I.     **Summary Judgment Standard**

Summary judgment is appropriate where there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court must grant a motion for

5

summary judgment if it appears that no reasonable trier of fact could find in favor of the nonmovant on the basis of the designated admissible evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). We neither weigh the evidence nor evaluate the credibility of witnesses, *id.* at 255, but view the facts and the reasonable inferences flowing from them in the light most favorable to the nonmovant. *McConnell v. McKillip*, 573 F. Supp. 2d 1090, 1097 (S.D. Ind. 2008).

## II.  FLSA Claim

The FLSA provides that "every employer shall pay to each of his employees who in any workweek is engaged in commerce" the federal minimum wage, which throughout the time period relevant to this litigation was $7.25 per hour. *See* 29 U.S.C. § 206(a). Defendants do not dispute that the requirements of the FLSA apply to them or that they were required to pay Vinita minimum wage for the work she performed. The parties do dispute, however, whether Vinita ever performed work for Defendants for which she was paid less than minimum wage.

Under the FLSA, Vinita bears the burden of establishing that she performed work for Defendants for which she was not properly compensated. *Melton v. Tippecanoe Cnty.*, 838 F.3d 814, 818 (7th Cir. 2016). In a situation such as this where there are no records of the employee's hours, "an employee has carried out [her] burden if [she] proves that [she] has in fact performed work for which [she] was improperly compensated and if [she] produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), superseded on other grounds by the Portal-to-Portal Act

of 1947, 29 U.S.C. §§ 251–62). If the employee satisfies this burden, it shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687–88. If the employer fails to do so, "the court may then award damages to the employee, even though the result be only approximate." *Id.* at 688.

To satisfy her initial burden of proving that she performed work for which she did not receive minimum wage, Vinita relies solely on her own testimony. Here, Vinita claims that she was not paid any of her $12,000 salary in July 2016, despite performing her usual work that month, and that, following her alleged rehiring in December 2016, she worked "full time" and "pretty much" every day in January and February 2017 but was never paid. When asked to describe her typical hours during the two-month period she claims she worked without compensation following her rehiring, she testified that her schedule was "not like 9 to 5 or 8 to 4. It was around the clock. So the first call I could be getting at 7:30 in the morning, and the last call I could be getting at midnight." Vinita Dep. at 30. She also testified that, after she was rehired, she worked in the same capacity for Hoosier Broadband as she had previously, except that, after she was rehired, she was no longer involved with payroll because she was instead focused on addressing a backlog of operational issues that had arisen in her absence.

Defendants contend that they are entitled to summary judgment on Vinita's FLSA minimum wage claim because she has not met her burden of establishing that she performed work for Hoosier Broadband for which she was not properly compensated as she has failed to adduce any evidence in the form of bank records or other financial

7

documentation to support her claim and instead relies solely on her own self-serving declaration to explain when and how much she should have been paid.[1]  Vinita's lack of documentary evidence and sole reliance on her own testimony and recollections to support her FLSA claim is not necessarily fatal, however.  "Relying on the employee's recollection is permissible given the unlikelihood that an employee would keep h[er] own records of h[er] work hours." *Melton*, 838 F.3d at 819.  "But relying on recollection does not mean the plaintiff may survive summary judgment where [her] recollection is flatly refuted by other evidence in the record or [her] story is so internally inconsistent or implausible on its face that no reasonable person would believe it.'"  *Id.* (internal quotation marks and citations omitted).

    Defendants have presented documents showing that Vinita received a $12,000 paycheck on July 12, 2016, which is an amount significantly in excess of minimum wage.  However, they have not established through documentary or other objective evidence whether the July 2016 paycheck Vinita received was to compensate her for work

---

[1] Defendants' argument that Vinita's declaration contradicts her prior deposition testimony and thus cannot be considered by the Court is without merit.  *See Abraham v. Washington Group Int'l, Inc.*, 766 F.3d 735, 741 (7th Cir. 2014) ("[A] deponent may not use an affidavit sworn to after a deposition to contradict deposition testimony without giving a credible explanation for the discrepancies.").  While Vinita's declaration indisputably expands on her deposition testimony by identifying for the first time the specific months in which she claims she worked without compensation, Defendants have not shown that those averments contradict any testimony she provided in her deposition.  *See Cook v. O'Neill*, 803 F.3d 296, 298 (7th Cir. 2015) (holding that affidavit that amplified rather than contradicted deposition testimony was not subject to exclusion).  The only specific contradiction between Vinita's declaration and her deposition testimony that Defendants reference is her averment in her declaration that the work she performed upon her rehiring was the same as that she performed prior to her July 2016 termination.  In her deposition, Vinita testified that she performed the same work after she was rehired with the exception that, she no longer performed duties related to payroll.  To the extent that this testimony is in conflict, we rely on Vinita's deposition testimony.

performed in July 2016—which would refute Vinita's claim that she was not paid minimum wage that month—or was, as Vinita claims, compensation for work performed the previous month, in June. Likewise, while we understand that it may be difficult to present documents or other objective evidence to prove a negative, to wit, that Vinita was *not* rehired by Hoosier Broadband at the end of 2016, Defendants have failed to provide any evidence beyond Vichitra's denial to contradict Vinita's testimony that she was rehired by Hoosier Broadband in December 2016 and performed full time work in January and February 2017 for which she was not paid. Resolving these issues will require credibility determinations that cannot be made on summary judgment.

We therefore cannot say that Vinita's recollection of performing full time work without compensation in July 2016, January 2017, and February 2017 is "flatly refuted" by documentary evidence in the record, nor is her version of events so "internally inconsistent [or] implausible on its face," that we can dismiss it as wholly unreasonable. *Seshadri v. Kasraian*, 130 F.3d 798, 802 (7th Cir. 1997). Assuming that a jury believes Vinita's testimony that she worked full time for Hoosier Broadband those three months and was never paid, such testimony is sufficient to establish that she "in fact performed work" for which she was improperly compensated.

With regard to the evidence required to satisfy Vinita's burden of showing "the amount and extent" of uncompensated work she performed, "[c]ourts have routinely found that plaintiffs' testimony estimating their daily or weekly uncompensated hours and explaining the basis for their estimates is sufficient to meet their initial burden of proof, especially at the summary judgment stage." *Pineda v. Skinner Servs., Inc.*, No. CV 16-

12217-FDS, 2020 WL 5775160, at *16 (D. Mass. Sept. 28, 2020). Here, although Vinita has not provided a specific number of hours she worked without compensation, she has testified that she worked "full time" in each of the months that she claims she was not paid; that after she was rehired, there was a backlog of operational issues requiring her to work "around the clock"; and that her monthly salary "beginning in May of 2016 and going forward" was set at a "gross salary of $19,002.47 for a net of $12,000." Vinita Decl. ¶ 8. A reasonable jury could find based on this testimony that Vinita worked on a regular, full-time basis for Hoosier Broadband in July 2016, January 2017, and February 2017 and that she was not compensated for any of those hours, necessarily being paid less than minimum wage each of those weeks. This is sufficient to satisfy her initial burden of showing "the amount and extent" of uncompensated work she performed "as a matter of just and reasonable inference." *Anderson*, 328 U.S. at 687; *see also Moran v. Al Basit LLC*, 788 F.3d 201, 205 (6th Cir. 2015) (holding that employees are not required to "recall their schedules with perfect accuracy in order to survive a motion for summary judgment").

Given the nearly complete lack of documentary evidence or corroborating witness testimony presented by either side on summary judgment regarding any of the issues in controversy, including documentation or witness testimony of Hoosier Broadband's payroll practices, work records or billings/receipts from clients to document work performed, or documentation of Vinita's rehiring, a myriad of factual issues remain for trial, including whether the paycheck Vinita received on July 12, 2016 was for work performed that month or the month prior, and whether Vinita was rehired by Hoosier

10

Broadband in December 2016 and thereafter performed uncompensated work for the company in January and February 2017. For these reasons, Defendants Hoosier Broadband and Vichitra Tyagi are not entitled to summary judgment on Vinita's FLSA claim.

### III.     Indiana Wage Claims Act

Vinita asserts a state law claim against Defendants under the Indiana Wage Claims Statute, Indiana Code § 22-2-9-1. Defendants have moved for summary judgment on this claim as well but have presented no argument separate from the assertions of fact and conclusions of law that they advanced regarding Vinita's FLSA claim. The Court has concluded, for the reasons stated above, that there is a genuine issue of material fact as to whether Vinita was compensated for all hours that she worked for Hoosier Broadband. This factual dispute among the parties underlies Vinita's state law claim, as well as her claim brought under the FLSA. Because Defendants have asserted no additional evidence or argument with respect to Vinita's state law claim, their motion for summary judgment is likewise denied as to this claim.

### IV.     Conclusion

For the reasons detailed above, Defendants' Motion for Summary Judgment [Dkt. 75] is <u>GRANTED IN PART</u> as to all claims brought against Defendant Sushma Tyagi and <u>DENIED IN PART</u> as to all claims brought against Defendants Vichitra Tyagi and Hoosier Broadband, LLC. The case shall proceed accordingly.

IT IS SO ORDERED.

Date: _____8/24/2022_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Cameron S. Huffman
JESELSKIS BRINKERHOFF AND JOSEPH LLC
chuffman@jbjlegal.com

Kimberly D. Jeselskis
JESELSKIS BRINKERHOFF AND JOSEPH LLC
kjeselskis@jbjlegal.com

Jeffrey O. Meunier
Jeffrey O. Meunier
jom@mandmlawyers.com

MacKenzie Adair Watson
JESELSKIS BRINKERHOFF AND JOSEPH LLC
mwatson@jbjlegal.com